UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID R., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-02538-TAB-TWP ) |
| ANDREW M. SAUL, Commissioner of the Social Security Administration | ) ) ) |
| Defendant. | ) ) |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

### I. Introduction

Plaintiff appeals the Social Security Administration's denial of his application for disability benefits. Plaintiff claims that he is disabled because he suffers from a learning disorder, obesity, right eye blindness, and a skin condition called Darier disease. Plaintiff raises several issues on appeal including whether the Administrative Law Judge erred in rejecting the opinion of Dr. Avashia-Khemka, Plaintiff's treating dermatologist. The Court agrees the ALJ erred by giving Dr. Avashia-Khemka's opinion little weight despite its supportability and consistency with the record. Therefore, the Court grants Plaintiff's request for remand. [Filing No. 11.].

### II. Background

Plaintiff filed an application for supplemental security income and for child's insurance benefits on March 30, 2015. The agency denied the claims initially and upon review. After a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ considered Plaintiff's claim for child's insurance benefits according to 20 C.F.R. § 416.924. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity. At step two, the ALJ determined that Plaintiff had the following severe

impairments: learning disorder, obesity, right eye blindness, and Darier disease. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R 404, Subpart P, Appendix 1. Nor did Plaintiff have an impairment or combination of impairments that functionally equaled the listings. Therefore, the ALJ determined that Plaintiff was not disabled before turning 18.

The ALJ then considered Plaintiff's adult claims for supplemental security income according to 20 C.F.R. § 404.1520(a). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity. At step two, the ALJ determined that Plaintiff had not developed any new impairments since turning 18, and that Plaintiff continued to have at least one severe impairment. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listings. Step four is not relevant to Plaintiff's case because Plaintiff did not have any past relevant work experience. The ALJ next determined that Plaintiff had the residual functional capacity to perform medium work but was limited to simple instructions and routine changes. The ALJ determined that Plaintiff should only occasionally interact with supervisors and coworkers and should not have to interact with the public or work around food, personal health care, or hazards. At step five, the ALJ determined that jobs existed in the national economy that Plaintiff could have performed since he turned 18. Therefore, the ALJ determined that Plaintiff was not disabled from the time he turned 18.

### III. Discussion

Plaintiff argues that the ALJ failed to afford Dr. Avashia-Khemka due consideration as a treating physician and a dermatology specialist. Dr. Avashia-Khemka opined that Plaintiff was limited to sedentary work and would miss work three to four days per month. Defendant counters that the ALJ rightly assigned little weight to Dr. Avashia-Khemka's opinion because the

2

opinion was inconsistent with Plaintiff's normal consultative exam and record medical evidence showing that Plaintiff's Darier disease improved with proper treatment. [Filing No. 17, at ECF p. 30.]

A physician is considered a "treating" physician if he or she is the plaintiff's "own acceptable medical source" and the physician has provided medical treatment sufficient to form an "ongoing treatment relationship" with the plaintiff. 20 C.F.R. § 404.1527(a)(2).[1] Generally, treating physician opinions are given greater weight because they "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from individual examinations" by non-treating physicians. § 404.1527(c)(2). Additionally, the ALJ "generally gives more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty." § 404.1527(c)(5).

The opinion of a treating source is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." § 404.1527(c)(2). The ALJ must provide "good reasons" for the weight the ALJ gives to a treating source's medical opinion. § 404.1527. It is not enough for the ALJ to merely assert that a treating physician's opinion is internally inconsistent or inconsistent with other medical opinions. The ALJ must at least minimally articulate his or her reasons for concluding that there is inconsistency. *Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000) (remanding for the ALJ to reconsider whether the treating physician's findings of disabling symptoms were entitled to controlling weight when the ALJ did not adequately explain why those findings were inconsistent with other record medical evidence);

---

[1] While this regulation has been replaced, it still applies to claims filed before March 27, 2017. 20 CFR § 404.1520(c). Because Plaintiff filed his claim on March 30, 2015, 20 CFR § 404.1527 applies here.

*Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) (remanding when the ALJ did not explain how the evidence in the record contradicted the treating physician's diagnosis). Although this Court's review is deferential, it "cannot uphold an administrative decision that fails to mention highly pertinent evidence." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

The ALJ acknowledged that Dr. Avashia-Khemka was a treating source, and Defendant argues that the ALJ rightly found that the opinion lacked supportability and consistency with other medical evidence. However, the cited evidence does not show contradictions. As explained below, the ALJ pointed to one physician who reached a different conclusion than Dr. Avashia-Khemka, but the physicians' discussions show consistent findings. In such cases, the treating physician rule demands deference to the treating physician's conclusions. *Oakes v. Astrue*, 258 F. App'x 38, 43–44 (7th Cir. 2007) (remanding for deference to treating physician when physicians disagreed about whether the plaintiff could perform fulltime work).

The ALJ cited Plaintiff's consultative physical exam with Dr. John Heflin as record medical evidence that was inconsistent with Dr. Avashia-Khemka's findings. Although Dr. Heflin did conclude that Plaintiff's skin condition did not appear to cause any functional limitations, [Filing No. 9-8, at ECF p. 52] Dr. Heflin also opined that, Plaintiff, "has a skin condition that causes his back, chest and face to break out with large dry scaly patches. When his skin condition flares up, his skin becomes very dry and itchy. He uses prescription creams that provide little relief." [Filing No. 9-8, at ECF p. 50.] This description matches Dr. Avashia-Khemka's description of Plaintiff's condition. [Filing No. 9-8, at ECF p. 55.]

Defendant also cited the Plaintiff's treatment record at Forefront Dermatology as being inconsistent with the opinion of Dr. Avashia-Khemka. However, the description of Plaintiff's condition by Forefront Dermatology is very similar to Dr. Avashia-Khekma's description. Both sources agree that Plaintiff suffers from Darier disease, and describe the location and symptoms

4

similarly. [*Compare* Filing No. 9-9, at ECF pp. 20, 23, 28, 33, 38, 48 (Forefront Dermatology), *with* Filing No. 9-8, at ECF pp. 76, 79, 83, 86 (Dr. Avashia-Khemka).] Dr. Avashia-Khemka describes Plaintiff's symptoms as chronic. [Filing No. 9-8, at ECF p. 55.] Although Forefront describes the condition as mild on most occasions, Forefront also states that Plaintiff's symptoms "occur constantly," are "recurrent," "occur daily," and "occur continuously." [Filing No. 9-9, at ECF pp. 22, 24, 28, 33, 36, 40, 47, 51, 56.]

Finally, Defendant argues that Dr. Avashia-Khemka's conclusions are not supported by her treatment notes. Defendant asserts that Dr. Avashia-Khemka's treatment notes "would support the ALJ's finding that Plaintiff had only occasional flare-ups and demonstrated improvement with treatment." [Filing No. 17, at ECF p. 31.] However, Dr. Avashia-Khemka's notes describe the condition as chronic. [Filing No. 9-8, at ECF p. 55.] While Plaintiff showed some improvements on his back, other areas continued to flare. [Filing No. 9-8, at ECF p. 76, 83.] Moreover, Dr. Avashia-Khemka's notes include that Plaintiff showed symptoms at each visit. [Filing No. 9-8, at ECF p. 76, 79, 83, and 86.]

Even if the ALJ had correctly afforded Dr. Avashia-Khemka's opinion less than controlling weight, the ALJ still failed to properly weigh the opinion. When an ALJ does not give a treating source's medical opinion controlling weight the ALJ must apply the regulatory factors listed in 20 C.F.R. § 404.1527(c)(1)-(6) in determining the weight to accord the opinion. § 404.1527(c)(2). These factors include: (1) the examining relationship, (2) the treatment relationship, (3) the supportability and consistency of the opinion, (4) the specialization of the physician, and (5) other relevant factors. 20 C.F.R. § 404.1527(c); *Gerstner v. Berryhill*, 879 F.3d 257, 263 (7th Cir. 2018). The ALJ did not apply them in assigning the opinion little weight. [Filing No. 9-2, at ECF p. 25.] Dr. Avashia-Khemka is an examining physician who treated

Plaintiff for a year. As a specialist in dermatology, Dr. Avashia-Khemka is qualified to render an opinion on Plaintiff's skin condition. Nowhere did the ALJ discuss these relevant factors.

Plaintiff raises several other issues. Given that the Court has already found remand necessary, the Court does not analyze each in detail. However, the Court notes that Dr. Avashia-Khemka's opinion will likely impact whether Plaintiff's impairments as a minor and as an adult medically equal a listed impairment, especially with regard to category B concentrating, persisting, and maintaining pace, whether the RFC properly accommodates all of Plaintiff's limitations at step four, and whether Plaintiff can perform the jobs identified by the Vocational Expert at step five. Additionally, the ALJ may choose to reconsider the weight he gave to Ms. Diagana's opinion, and his assessment of Plaintiff's credibility and the credibility of Plaintiff's third-party sources in light of Dr. Avashia-Khemka's opinion.

**IV.  Conclusion**

For these reasons, the Court grants Plaintiff's request for remand. [Filing No. 11.] The Commissioner's decision is remanded in accordance with sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this opinion.

Date: 7/12/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.